JOHN F. BELTOWSKI v. STATE.

183 N. W. (2d) 563.

January 29, 1971—No. 42039.

· *John F. Beltowski,* pro se, and *C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Appeal from an order denying postconviction relief on the merits but without an evidentiary hearing.

As authorized by our Postconviction Remedy Act, Minn. St. c. 590, petitioner seeks to collaterally attack the judgment of conviction and sentence for the crime of burglary, which we affirmed on his direct appeal. State v. Beltowski, 281 Minn. 28, 160 N. W. (2d) 705, certiorari denied, 393 U. S. 988, 89 S. Ct. 468, 21 L. ed. (2d) 450.

Subsequent to our decision and after unsuccessful efforts to seek Federal review and other relief in the Federal courts, petitioner, refusing representation by the state public defender, initiated this proceeding in the District Court of Hennepin County by filing his pro se petition and amended petition. After receiving answers and petitioner's reply, the district court issued specific findings of fact accompanied by a comprehensive memorandum and concluded that the numerous allegations of the petitions presented "no new factual or legal issues" not previously fully litigated at the time of the trial or on petitioner's prior appeal save one issue of law relating to the legality of petitioner's sentence. Applying the procedural rules announced in State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N. W. (2d) 301,[1] the postconviction court determined that no further evidentiary hearing was necessary and, after painstakingly considering all of petitioner's claims on the merits, denied relief. This appeal was

---

[1] See, also, Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837.

then filed on behalf of petitioner by the state public defender, accompanied by his written and oral arguments, with supplemental briefs submitted pro se by petitioner.

From our review of the entire record, the only question requiring discussion is the legality of the sentence imposed, since we agree that all of petitioner's other claims raise no factual disputes and have either been previously litigated and determined or amount to no more than argumentative assertions without factual support.[2]

For an understanding of the question presented, certain facts appearing in greater detail in our prior decision should be set forth. Petitioner was charged with burglary of a TV store in violation of Minn. St. 609.58, subd. 2(1)(a), the penalty for which is not to exceed 20 years' imprisonment if the accused "[w]hen entering or while in the building * * * possesses an explosive or tool to gain access to money or property." Shortly after arraignment in the district court, on his own motion and with consent of the state—on the basis that "it would seem appropriate that this motion be granted because there is a serious question about the tool that was in use" under the statute—, petitioner was permitted to plead guilty to a lesser included offense of burglary with intent to "steal or commit a felony or gross misdemeanor" in violation of § 609.58, subd. 2(3), the punishment for which is not to exceed 5 years' imprisonment. A limited sentence of not to exceed 4 years was then imposed. Three days later, on petitioner's pro se motion, the judgment of conviction was vacated, and he was allowed to withdraw his plea of guilty on the basis of his claim of newly discovered evidence of entrapment. Thereupon, on motion of the state, the original charge was reinstated. Following trial, at which upon petitioner's election no lesser included offense was submitted to the jury, a guilty

---

[2] Minn. St. 590.04. See, also, A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (Approved Draft, 1968) § 4.5.

verdict was returned and a limited sentence of not to exceed 10 years imposed.[3]

In essence, petitioner now contends that the reinstatement of the original charge and the imposition of the 10-year sentence violate constitutional due process for the reason that the increased sentence penalized him for successfully exercising his legal right to move to withdraw his plea of guilty to the lesser included 5-year burglary offense.[4] We do not agree. As we read this record, petitioner's conviction and sentence on the lesser charge resulted from a plea negotiation and agreement arrived at in open court. The offer to plead guilty to the lesser included offense was initiated by petitioner. The prosecution acquiesced and agreed, not because of an unequivocal abandonment of the greater charge because of the belief the charge was unwarranted as in State v. Youngren, 275 Minn. 388, 147 N. W. (2d) 370, but rather because of prosecutorial doubt as to whether the jury's implicit findings of constructive possession of a crowbar by petitioner was the type of possession contemplated by the 20-year burglary statute.[5] The situation confronting the sentencing court at this point was essentially the same as following a typical plea agreement negotiated outside the presence of the court. Although perhaps unique because it occurred in open court, it has every characteristic of a fully negotiated and approved plea agreement. There was an offer to plead to the lesser degree of the charge and acceptance of the offer by the prosecution, with the reason therefor disclosed to the court, in advance of the tender of the plea in order to obtain judicial acceptance, followed

---

[3] The decision to submit lesser included offenses rests with the trial court, not controlled by petitioner's election. State v. Pankratz, 238 Minn. 517, 57 N. W. (2d) 635.

[4] Petitioner's personal arguments of a denial of other constitutional rights have been rejected. See, North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. ed. (2d) 656.

[5] This issue has now been resolved to support the greater charge by State v. Spangler, 278 Minn. 190, 153 N. W. (2d) 278.

by the tender of the plea, adjudication, and sentence by the court.[6]

When petitioner moved to withdraw his plea, he necessarily sought to renege on a fully performed plea agreement, and in our opinion, withdrawal should not have been permitted by the court. He did not claim that withdrawal was necessary to correct a manifest injustice such as a denial of fundamental rights, or a failure of the prosecution to fulfill its part of a plea agreement, or meet any of the requirements set out in Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698, and State v. Wolske, 280 Minn. 465, 160 N. W. (2d) 146. His claim of newly discovered evidence of entrapment amounted to no more on this record than a change of mind and an election to stand trial, very likely motivated because of a reasonable belief that the state would not be able to establish the element of possession of a burglary tool within the purview of the 20-year burglary statute.

While we recognize that withdrawal of a plea of guilty after judgment and sentence is permissible in the discretion of the court, it is not proper to permit withdrawal where the judgment and sentence is the result of a judicially approved plea agreement without a determination by the trial court that withdrawal is necessary to correct a manifest injustice. Chapman v. State, *supra.* A defendant, no less than a prosecutor, should not be permitted to renege on a plea agreement without sufficient cause, nor to use a plea of guilty as a tactical device to frustrate the prosecution of an offense which the evidence would support. Chapman v. State, *supra.*[7] A failure to require petitioner to adhere to a plea agreement properly negotiated and approved by the court would obviously have an adverse effect on the prosecution's employment of plea negotiations and plea agreements as an effective aid in the administration of criminal justice. State

---

[6] See, A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) PART III. PLEA DISCUSSIONS AND PLEA AGREEMENTS.

[7] Cf. State v. Wolske, 280 Minn. 465, 160 N. W. (2d) 146.

v. Johnson, 279 Minn. 209, 156 N. W. (2d) 218. Here ,petitioner, permitted as he was to be relieved from the consequences of his plea agreement, now insists that the prosecution be held to the sentence for the lesser charge for which he successfully negotiated. To do so would permit a defendant to use his plea of guilty as a tactical device to limit the charge which could be brought against him. This is not a case where a greater charge was reinstated or increased punishment imposed after a reversal of a conviction on appeal. State v. Holmes, 281 Minn. 294, 161 N. W. (2d) 650. Nor is there any evidence that the 10-year sentence resulted from any vindictiveness on the part of the sentencing court because petitioner was afforded his election to stand trial. It is simply a case where petitioner refused to be bound by his plea agreement, thereby justifying the court in reinstating the original charge so as to place the parties in the positions which existed prior to the plea agreement.

For the reasons stated, we conclude that the postconviction court properly denied relief.

Affirmed.