## STATE v. ROBERT ARTHUR ANDERSON.

193 N. W. 2d 637.

December 23, 1971—No. 42782.

*C. Paul Jones,* State Public Defender, and *Rosalie Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

PER CURIAM.

Defendant appeals from a conviction for receiving and concealing

---

stolen property,[1] asking that his guilty plea be withdrawn. He contends on this appeal that he did not fully understand the charges against him. We find no basis for this contention and affirm.

By information the state charged defendant with two counts of receiving and concealing stolen property and one count of burglary. Defendant agreed to plead guilty to one count of receiving and concealing stolen property and the state agreed to drop the other two charges. Defendant was at all times represented by privately retained counsel. After tendering his plea but before sentencing, defendant made several requests that his plea be withdrawn. We find no manifest injustice which would compel reversal of the lower court's denial of his request.[2]

Defendant also argues that no factual basis existed for a plea of guilty to receiving and concealing property worth over $100. This contention has utterly no merit.

At the time of defendant's arraignment, Count I of the information was read in its entirety including each item of the stolen property and a copy was handed to the defendant. He then admitted he was guilty as charged in the information. Defendant was asked by his own counsel the following question:

"Q. Now, calling your attention specifically to the charge as read, including various items such as the Fisher Price block set, one record, phonograph record and silver jacket, one toy doll bassinette, white in color, one toy doll, two pounds of cheese, et cetera, did you have these various items in your possession at one time?

"A. Yes."

Defendant would have us believe that a factual basis exists only with respect to the items specifically enumerated in the question. This suggestion is patently frivolous. Defendant expressly admitted that he was guilty as charged in the information. The question propounded to defendant and quoted above obviously referred to the information. We find no error or impropriety in the procedure in which defendant admitted his guilt.

Affirmed.

---

[1] Minn. St. 1969, § 609.53.

[2] Manifest injustice must be shown before this court will compel withdrawal. State v. Wolske, 280 Minn. 465, 160 N. W. 2d 146 (1968); Chapman v. State, 282 Minn. 13, 162 N. W. 2d 698 (1968); A. B. A. Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 2.1. See, Beltowski v. State, 289 Minn. 215, 183 N. W. 2d 563 (1971).