Robert D. GASSLER, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–97–1991.

Supreme Court of Minnesota.

April 1, 1999.

Robert D. Gassler (pro se), Minnesota Correctional Facility, Stillwater, for appellant.

Michael A. Hatch, Minnesota Attorney General, Nataline E. Hudson, Assistant Attorney General, St. Paul, and Charles G. Rasmussen, Todd County Attorney, Long Prairie, for respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

In 1992, appellant, Robert D. Gassler, was found guilty of first-degree murder and was sentenced to life in prison. The facts underlying appellant's murder conviction are recited in our opinion affirming the conviction. *See State v. Gassler,* 505 N.W.2d 62 (Minn. 1993). In 1997, a postconviction court denied, without evidentiary hearing, appellant's pro se petition for postconviction relief. On appeal, appellant argues that the postconviction court erred when: (1) it determined that his claims were either barred or without merit; (2) it failed to liberally construe his pro se petition; and (3) it failed to accept as true his factual allegations. Because all of appellant's claims should have been raised at trial or on direct appeal, or are otherwise without merit, we affirm.

A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts which warrant relief. *See* Minn.Stat. § 590.04, subd. 3 (1998). A postconviction court may dismiss a petition for postconviction relief without conducting an evidentiary hearing if the petition, files, and record "conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1; *see also Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990) (stating that an evidentiary "hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief"). Furthermore, a petitioner's allegations must be "more than argumentative assertions without factual support." *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971).

Once a defendant has had a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). However, a claim that is known but not raised by the defendant at the time of a direct appeal will be considered if it is so novel that its legal basis was not reasonably available at the time of the direct appeal. *See Roby v. State,* 531 N.W.2d 482, 484 (Minn.1995) (discussing how an ineffective assistance of counsel claim could meet this test). Also, even where the legal basis was reasonably available, "this court may allow substantive review of [a] claim in limited situations when fairness so requires and when the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997) (quoting *Roby,* 531 N.W.2d at 484).

We review decisions of the postconviction court to determine whether there has been an abuse of discretion; we will not disturb the decision of the postconviction court absent such an abuse of discretion. *See State v. Bliss,* 457 N.W.2d 385, 391 (Minn.1990).

## I.

Mindful of the legal standards for our review, we turn first to the postconviction court's decision to divide appellant's claims into two categories. The first category consists of appellant's claims that the prosecutor committed misconduct by failing to disclose information before trial that the prosecutor had a duty to disclose. The second category consists of appellant's claims that the trial court erred during the trial. We have reviewed the petition and the postconviction court's order and conclude that the postconviction court properly divided appellant's claims into these two categories.

As to the first category, the petition for postconviction relief alleges certain discovery violations by the prosecutor based upon appellant's "information and belief," without specific factual support. The postconviction court characterized these allegations as "argumentative assertions" and we agree. Without factual support, such "argumentative assertions" do not entitle appellant to either an evidentiary hearing or relief. *See Beltowski*, 289 Minn. at 217, 183 N.W.2d at 564. Moreover, it is apparent that many of the alleged violations of discovery were either known by appellant prior to trial or became evident during trial. Postconviction relief is not available for claims known but not raised at trial or on direct appeal. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. The postconviction court did not abuse its discretion in concluding that appellant's claims of prosecutorial misconduct regarding discovery violations did not justify an evidentiary hearing, much less postconviction relief.

The second category consists of appellant's claims that the trial court erred during the trial. Appellant argues that the trial court erred by allowing the prosecutor to prove and argue facts that were inconsistent and "diametrically opposed" to facts proved and argued in the earlier trial of appellant's co-defendant. This argument ignores the fact that appellant's co-defendant was tried first and that any information from the co-defendant's trial was available to appellant before appellant's own trial. *See State v. Scott*, 493 N.W.2d 546 (Minn.1992). The proper time to cross-examine a witness regarding allegedly inconsistent testimony,

or to object to its admissibility, is at trial and appellant's failure to do so now bars such postconviction claims. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Appellant also argues that the trial court erred by allowing the prosecutor to "inflame the passions and prejudices" of the jury by discussing appellant's prior bad acts, by "prim[ing] the jury to be alert for evidence of fears of witnesses," and by exploiting certain evidence "to set [the jury] at odds with" appellant. These alleged errors occurred at trial in the presence of appellant and his counsel and, since they were not objected to then or on direct appeal, are now barred. *Id.*

Appellant also argues that the trial court erred by allowing the prosecutor to improperly impeach defense witnesses and a state witness. In his direct appeal, appellant raised issues regarding the admissibility of witness testimony. He is now barred from bringing this like claim that was clearly known and that should have been raised at trial or on direct appeal and was not. *Id.*

Appellant also claims that the prosecutor commented during closing argument on appellant's failure to testify and that the prosecutor also referred to inadmissible evidence and misstated the law during final argument. Such issues were known at or before direct appeal and are barred in postconviction proceedings. *Id.*

Finally there is no merit to appellant's argument that "a conviction of murder two with intent implies an acquittal of the first degree [sic] murder." Such verdicts are not inconsistent.

## II.

We next consider appellant's argument that his claims are excepted from the *Knaffla* rule. We have recognized two exceptions to the *Knaffla* rule. First, a claim will not be barred if it is so novel that the legal basis for it was not reasonably available at the time direct appeal was taken. *See Roby*, 531 N.W.2d at 484. Second, even if the legal basis of the claim was reasonably available, this court may allow substantive

review when fairness so requires and when the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal. *See Russell*, 562 N.W.2d at 672 (quoting *Roby*, 531 N.W.2d at 484). Appellant has not met either exception to the *Knaffla* rule.

First, none of the issues appellant raises are novel; they are straightforward allegations of prosecutorial misconduct and trial court error. Second, appellant's failure to raise these straightforward issues cannot be excused when the record indicates that he was involved both in preparing his defense and his direct appeal.

Appellant contends that he was prevented access to the trial transcript, case file and law library prior to his direct appeal because he was in federal custody. He alleges that while in federal custody, he "could not communicate or agree with the public defender" as to the issues raised in the appeal. According to our rules of criminal procedure, however, a pro se defendant perfecting an appeal can request to use the public defender's copy of the transcript. *See* Minn. R.Crim. P. 28.02, subd. 5(17). Appellant does not allege that he made such a request and that it was denied, only that he was prevented from accessing such records because he was in federal custody. Simply being in custody, albeit in a federal facility, did not prevent appellant from accessing his trial transcripts. Moreover, of the more than nine issues submitted to this court on direct appeal, at least five issues were contained in appellant's pro se supplemental brief. *See Gassler*, 505 N.W.2d at 70–71 (addressing four issues raised pro se and dismissing "other" pro se arguments as meritless). It is apparent that appellant was able to raise all the issues he and his counsel agreed upon and also those issues which, in appellant's words, he and his counsel "could not communicate or agree" upon. Thus, with regard to the second exception to the *Knaffla* rule, appellant has failed to establish that fairness requires that his known claims be substantively reviewed.

### III.

Appellant raises three additional issues. First, he argues that the postconviction court abused its discretion by not liberally construing his petition. Second, he argues that the postconviction court abused its discretion by not accepting his allegations as true. And finally, he argues that the postconviction court erred by not conducting an evidentiary hearing. These arguments are without merit. The postconviction court clearly reviewed each issue raised in the petition for postconviction relief and conducted a thorough review of the record. The postconviction court liberally construed the petition as required by Minn.Stat. § 590.03 (1998), and properly determined that all of the issues raised were barred because they should have been raised at trial or on direct appeal, or were otherwise without merit. In addition, refusing to hold an evidentiary hearing was within the postconviction court's discretion because the petition, files, and record "conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1; *see also Fratzke*, 450 N.W.2d at 102 (stating that an evidentiary "hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief"). Therefore, the postconviction court did not abuse its discretion by denying appellant's request for a postconviction evidentiary hearing and by denying his petition for postconviction relief.

Affirmed.