Roger Lindbo SCHLEICHER,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. A04–1892, A05–1348.

Supreme Court of Minnesota.

July 27, 2006.

Deborah K. Ellis, St. Paul, MN, for Appellant.

Roger L. Schleicher, Bayport, MN, Appellant Pro Se.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Douglas L. Ruth, Steele County Attorney, Owatonna, MN, for Respondent.

## OPINION

ANDERSON, RUSSELL A., Chief Justice.

Roger Lindbo Schleicher appeals the postconviction court's denials of his first and second petitions for postconviction relief from his conviction for first-degree premeditated murder. Because we conclude that all of the claims raised by Schleicher in his postconviction petitions are either procedurally barred by the *Knaffla* rule or fail on the merits, we affirm.

Schleicher was indicted in Steele County District Court for first-degree premeditated murder for the shooting death of his friend, Jack Johannsen. *State v. Schleicher,* 672 N.W.2d 550, 550, 551 (Minn.2003). Schleicher pleaded not guilty and not guilty by reason of mental illness under Minn.Stat. § 611.026 (2004).[1] *Schleicher,* 672 N.W.2d at 550. Our opinion in response to Schleicher's direct appeal provides a comprehensive statement of the facts of the underlying offense. *See id.* at 550–53.

Schleicher waived his right to a jury trial, and the district court conducted a bifurcated trial. *Id.* at 550 n. 3, 551. The court rejected Schleicher's defense of not guilty by reason of mental illness, found him guilty of first-degree premeditated murder, and sentenced him to life imprisonment. *Id.* at 551.

Schleicher appealed, raising a single claim—that the language of Minn.Stat. § 611.026 is unconstitutionally vague. *Schleicher,* 672 N.W.2d at 555. We affirmed, concluding that we were procedurally barred from considering Schleicher's claim because he had not challenged the constitutionality of the statute at the district court. *Id.*

After his direct appeal, Schleicher, with the assistance of counsel, filed a petition for postconviction relief. In the petition and attached memorandum of law, Schleicher claimed that: (1) he was denied effective assistance of trial counsel because trial counsel failed to challenge the constitutionality of Minn.Stat. § 611.026 and failed to elicit expert testimony showing that Schleicher, at the time of the murder, did not know his actions were wrong; and (2) he was denied effective assistance of appellate counsel because appellate counsel failed to request a stay of the direct appeal to pursue postconviction relief based on ineffective assistance of trial counsel. Schleicher requested a hearing

---

1. Minnesota Statutes § 611.026 provides:
   A person shall not be excused from criminal liability except upon proof that at the time of committing the alleged criminal act the person was laboring under such a defect of reason, from one of these causes, as not to know the nature of the act, or that it was wrong.

to present evidence showing that his "mental illness affected his ability to process the perceptions that he had of the victim due to his personality disorder and the mental illness affected his ability to respond to those perceptions," evidence that Schleicher claims trial counsel was ineffective for failing to submit at trial.

■ The postconviction court held an evidentiary hearing that focused on examining the expert testimony relating to "the interplay between [Schleicher's] personality disorder and [his] mental illness."[2] The two expert witnesses who testified at the mental illness phase of the trial again testified at the hearing. At the end of the hearing, the court denied relief, concluding on the record that the testimony presented did not alter the court's conclusion that Schleicher had not met his burden of proving by a preponderance of the evidence that he did not know at the time of the murder that his actions were wrong.[3]

Schleicher appealed from the postconviction court's decision and, while his appeal was pending, moved to stay the appeal to permit him to file a second postconviction petition. We stayed the appeal, and Schleicher filed a pro se petition, claiming that: (1) he was denied his right to testify; (2) he was denied a mental illness evaluation by Dr. Carl Malmquist; (3) he was denied the right to self-representation; (4) he was denied substitute private counsel; (5) he was denied the right to a jury trial; (6) he was not competent to proceed with trial; (7) trial counsel was ineffective; and (8) appellate counsel was ineffective. The postconviction court denied the petition without a hearing, concluding that Schleicher failed to allege facts that would entitle him to relief and that the *Knaffla* rule procedurally barred his claims. Schleicher appealed, and we consolidated his appeals.

■ A defendant may seek postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2004) (amended 2005). Allegations in a postconviction petition must be " 'more than argumentative assertions without factual support.' " *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995) (quoting *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). A petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" the facts alleged in the petition. Minn.Stat. § 590.04, subd. 3 (2004).

■ In reviewing a postconviction proceeding, we determine " 'whether there

2. Though the postconviction petition and attached memorandum indicate that the grounds for the relief sought are claims of ineffective assistance of trial counsel and a related claim of ineffective assistance of appellate counsel, the hearing did not focus on those claims. Instead, the hearing centered on the expert testimony on which the ineffective assistance claims were based—testimony regarding the effect of Schleicher's personality disorder and mental illness on his ability to understand the wrongfulness of his actions at the time of the murder.

3. The postconviction court did not issue findings of fact or conclusions of law in connection with its order denying Schleicher's petition. Though neither party complains about the absence of findings of fact and conclusions of law, we have said that postconviction courts generally should follow an evidentiary hearing with the issuance of findings of fact and conclusions of law. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992). But "if the record is clear and yields an obvious answer to the relevant questions raised on appeal [from a denial of a postconviction petition], the reviewing court may disregard the absence of findings of fact or conclusions of law." *Id.* at 25 (internal quotation marks omitted).

is sufficient evidence to sustain the post-conviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion.'" *Zenanko v. State,* 688 N.W.2d 861, 864 (Minn.2004) (quoting *Sanders v. State,* 628 N.W.2d 597, 600 (Minn.2001)). We "review a postconviction court's determinations of legal issues de novo." *Pederson v. State,* 692 N.W.2d 452, 459 (Minn.2005).

### I.

In his briefs to this court, Schleicher presents several claims that he did not raise in his postconviction petitions, including sufficiency of the evidence, double jeopardy, admission of statements obtained in violation of his *Miranda* rights, denial of his right to participate in his defense, ineffective assistance of appellate counsel for raising only a single issue on appeal, several ineffective assistance of trial counsel claims, and unconstitutionality of the mental illness defense statute. The state contends that Schleicher waived these claims for purposes of appeal by failing to assert them in his petitions. Schleicher does not address the state's waiver argument.[4]

■ " 'It is well settled that a party may not raise issues for the first time on appeal' from denial of postconviction relief." *Azure v. State,* 700 N.W.2d 443, 447

(Minn.2005) (quoting *Robinson v. State,* 567 N.W.2d 491, 494 n. 2 (Minn.1997)). "This procedural bar applies even in postconviction proceedings raising constitutional issues of criminal procedure." *Ferguson v. State,* 645 N.W.2d 437, 448 (Minn. 2002). Accordingly, we hold that claims raised by Schleicher for the first time on appeal are forfeited for purposes of the appeal. *See Azure,* 700 N.W.2d at 447.

■ However, one of the claims raised by Schleicher for the first time on appeal—ineffective assistance of postconviction counsel—is not deemed forfeited because Schleicher could not have asserted this claim in his first petition. Thus, this claim is properly raised on appeal from the denial of his first petition.[5]

■ Schleicher argues that postconviction counsel was ineffective for failing to pursue the ineffective assistance of trial counsel claims at the evidentiary hearing, failing to properly prepare for the hearing, and failing to adequately communicate with Schleicher. The United States Supreme Court has held that a criminal defendant has "no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Because the constitutional right to counsel provides the basis for the right to effective assistance of counsel, the Court

---

**4.** Instead, Schleicher asserts that his claims regarding the sufficiency of the evidence and the constitutionality of Minn.Stat. § 611.026 are "ripe for review" because the postconviction court touched on these two issues in denying Schleicher's petitions. However, the postconviction court appeared to address the constitutionality of the mental illness defense statute only in the context of Schleicher's claim that trial counsel was ineffective for failing to challenge the statute's constitutionality, a claim that was raised in both petitions. Similarly, the postconviction court reviewed the sufficiency of the expert testimony relating to Schleicher's mental illness defense in

the context of its consideration of Schleicher's contention that trial counsel was ineffective for failing to elicit testimony supporting the mental illness defense, a claim that was raised in Schleicher's first petition.

**5.** In addition, liberally construing Schleicher's postconviction petitions, this claim arguably was raised in his second petition because in that petition Schleicher contends that his "appellate attorney" did not properly examine the expert witnesses, presumably a reference to his attorney at the postconviction hearing.

has stated that "a petitioner [in a state postconviction proceeding] cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Consequently, Schleicher's claims of ineffective assistance of postconviction counsel fail.

The fact that we have interpreted the Minnesota Constitution as providing a right to counsel beyond that guaranteed by the United States Constitution does not alter this conclusion. In *Deegan v. State,* we held that the Minnesota Constitution guarantees the right to counsel for a first postconviction petition if the defendant did not pursue a direct appeal. 711 N.W.2d 89, 98 (Minn.2006). However, because Schleicher had a counseled direct appeal, he does not benefit from the right announced in *Deegan.*

Schleicher also contends that his postconviction counsel should have requested substitute counsel because she was the same attorney who pursued Schleicher's direct appeal, and raising a claim of ineffective assistance of appellate counsel thus required her to argue that her own performance on direct appeal was ineffective. Schleicher couches this claim in terms of a due process violation. However, Schleicher cites no authority for the proposition that an attorney's representation of a defendant both on direct appeal and in postconviction proceedings violates the defendant's due process rights when the postconviction petition claims ineffective assistance of appellate counsel, nor have we found any such authority.

In addition, Schleicher has not demonstrated that he was denied a fair postconviction proceeding due to his counsel's alleged conflict. The alleged conflict does not appear to have affected postconviction counsel's performance. Postconviction counsel actively raised the ineffective assistance of appellate counsel claim in Schleicher's first petition, and, while that claim was not specifically addressed at the evidentiary hearing, postconviction counsel vigorously explored the issues underlying that claim at the hearing. Moreover, the petition focused primarily on the performance of trial counsel, rather than on appellate counsel's performance, minimizing the risk of prejudice to Schleicher.

II.

We now turn to the postconviction court's denial of Schleicher's first postconviction petition. In his first petition, Schleicher claimed that (1) trial counsel was ineffective for failing to elicit testimony regarding Schleicher's ability to know that his actions at the time of the murder were wrong and for failing to challenge the constitutionality of the mental illness defense statute; and (2) appellate counsel was ineffective for failing to move to stay the direct appeal and seek postconviction relief based on ineffective assistance of trial counsel.[6] After a hearing on the underlying issue of the expert testimony regarding the effect of Schleicher's personality disorder and mental illness on his ability to know the wrongfulness of his actions, the postconviction court denied the petition.

Once a direct appeal has been taken "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741

---

**6.** In addition, Schleicher's first and second petitions both include a catchall claim asserting all conceivable grounds for postconviction relief. We do not consider this catchall claim "because a petitioner's allegations must be 'more than argumentative assertions without factual support.'" *Zenanko,* 688 N.W.2d at 864 n. 2 (quoting *Hodgson,* 540 N.W.2d at 517).

(1976) ("*Knaffla* rule"). The *Knaffla* rule bars "all claims that the appellant should have known of at the time of direct appeal." *Koskela v. State*, 690 N.W.2d 133, 134 (Minn.2004). "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Taylor v. State*, 691 N.W.2d 78, 79 (Minn.2005). "The second exception may be applied if fairness requires it and the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Id.* (quoting *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991)). "Under the second exception, we have held that a claim of ineffective assistance of trial counsel is not barred by *Knaffla* if it cannot be determined from the district court record and requires additional evidence, such as that involving attorney-client communications." *Torres v. State*, 688 N.W.2d 569, 572 (Minn.2004), *cert. denied*, 544 U.S. 1054, 125 S.Ct. 2309, 161 L.Ed.2d 1098 (2005). Thus, while the *Knaffla* rule generally bars an ineffective assistance of counsel claim raised in a postconviction petition, "an exception exists when the court needs to conduct additional fact-finding to consider the claim on its merits." *Zenanko*, 688 N.W.2d at 864.

■■■■ "An ineffective assistance of counsel claim is an [allegation of] a violation of the right to reasonably effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution." *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn.2003). In order to demonstrate ineffective assistance of counsel, a petitioner must show that the representation " 'fell below an objective standard of reasonableness' " (performance prong) and that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' " (prejudice

prong). *State v. Martin*, 695 N.W.2d 578, 587 (Minn.2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A court may address the two prongs of the test in any order and may dispose of the claim on one prong without analyzing the other. *See Rhodes*, 657 N.W.2d at 842.

■■■ The reasonableness of counsel's performance is judged by an objective standard of "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn.2004) (internal quotation marks omitted). "There is a strong presumption that counsel's performance was reasonable." *Martin*, 695 N.W.2d at 587. Analysis of the performance prong generally "does not include reviewing attacks on counsel's trial strategy," *State v. Blanche*, 696 N.W.2d 351, 376 (Minn.2005), because trial strategy lies within the discretion of trial counsel. *State v. Jones*, 392 N.W.2d 224, 236 (Minn.1986).

■■■ In his first petition, Schleicher contends that trial counsel was ineffective for failing to elicit expert testimony showing that Schleicher did not know his actions were wrong and for failing to challenge the constitutionality of the mental illness defense statute. At the time of his direct appeal, Schleicher was aware of the strategy pursued by defense counsel at trial, including the extent of the expert testimony presented and the absence of a challenge to the constitutionality of the mental illness defense statute. Thus, Schleicher knew or should have known of these claims at the time of his direct appeal, and they are procedurally barred unless an exception to the *Knaffla* rule applies.

Neither exception to the *Knaffla* rule applies. An ineffective assistance of coun-

sel claim is not a novel legal claim, nor does Schleicher present a colorable explanation of why he failed to raise these claims on direct appeal. Schleicher asserts that *Knaffla* should not bar his postconviction claims because he lacked access to a law library during trial and on direct appeal. However, Schleicher was represented by counsel at trial and on direct appeal and thus presumably had access to legal information through his attorneys. Schleicher also argues that *Knaffla* should not bar substantive review of his claims because he has not had the "one right of review" to which a defendant is entitled. But Schleicher has had review by this court in the form of a direct appeal, precisely the situation in which *Knaffla* applies.

In addition, Schleicher's ineffective assistance of trial counsel claims can be decided on the basis of the trial record without additional fact finding and thus should have been brought on direct appeal. No exploration of attorney-client conversations is required to decide these claims. *See Robledo–Kinney v. State*, 637 N.W.2d 581, 585 (Minn.2002). Instead, it is evident from the trial record that these claims fail because they focus on matters of trial strategy—what testimony to elicit from witnesses and what defenses to present—which we generally do not review for competence. *Opsahl*, 677 N.W.2d at 421; *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn.1999). Schleicher thus has not demonstrated that fairness requires that we address the merits of his ineffective assistance of trial counsel claims, and the claims are procedurally barred by *Knaffla.*

■ Even if these claims were not *Knaffla*-barred, they would fail on the merits. Schleicher challenges trial coun-

sel's strategy, which we generally will not review. *Opsahl*, 677 N.W.2d at 421. Moreover, nothing in the record suggests that trial counsel's strategy was unreasonable. The record shows that defense counsel presented extensive testimony from a favorable expert witness on the issue of Schleicher's mental illness defense and thoroughly cross-examined the state's expert witness. In examining the expert witnesses, defense counsel demonstrated familiarity with Schleicher's medical history and a competent understanding of the techniques used by psychiatrists to diagnose patients. In addition, because defense counsel's strategy was to attempt to fit Schleicher's conduct within the parameters of the mental illness defense statute, counsel's failure to challenge the statute's constitutionality was reasonable. Further, given that we have repeatedly upheld the constitutionality of the statute, failure to challenge it was not deficient performance.[7] *See State v. Rawland*, 294 Minn. 17, 38–39, 199 N.W.2d 774, 786 (1972); *see also Clark v. Arizona*, —— U.S. ——, 126 S.Ct. 2709, 2719–24, 165 L.Ed.2d 842 (2006) (upholding Arizona's *M'Naghten*-type insanity defense statute, similar to Minnesota's insanity defense statute, against a due process challenge). Thus, Schleicher has not shown that trial counsel's performance fell below an objective standard of reasonableness.

■ In his first petition, Schleicher also contends that appellate counsel was ineffective for failing to seek a stay of the direct appeal to pursue postconviction relief based on ineffective assistance of trial counsel. Schleicher's ineffective assistance of appellate counsel claim is not *Knaffla*-barred because Schleicher could not have

---

7. We have also noted that changes in the mental illness defense standard should come from the legislature, not from this court. *See* *State v. Rawland*, 294 Minn. 17, 33, 199 N.W.2d 774, 783 (1972).

raised it on direct appeal. The two-pronged performance/prejudice test for ineffective assistance of counsel again applies. *See Martin,* 695 N.W.2d at 587.

To show that appellate counsel's performance was deficient, Schleicher must first prove ineffective assistance of trial counsel. *See Sullivan v. State,* 585 N.W.2d 782, 784 (Minn.1998). As discussed above, Schleicher cannot do so. Because appellate counsel's failure to raise meritless claims does not constitute deficient performance, Schleicher's claim of ineffective assistance of appellate counsel fails on the performance prong. *See Hummel v. State,* 617 N.W.2d 561, 566 (Minn.2000). Accordingly, we hold that the postconviction court did not abuse its discretion in denying Schleicher's first petition because Schleicher's ineffective assistance of trial counsel claims are procedurally barred by *Knaffla* and his ineffective assistance of appellate counsel claim fails on the merits.

### III.

In his second postconviction petition, Schleicher claims that (1) he was denied his right to testify; (2) he was denied a mental illness evaluation by Dr. Carl Malmquist; (3) he was denied the right to self-representation; (4) he was denied substitute private counsel; (5) he was denied the right to a jury trial; (6) he was not competent to proceed with trial; (7) trial counsel was ineffective for inadequately examining the expert witnesses, failing "to inform himself as to the contents of the psychiatric manual DSM–IV," failing to challenge the constitutionality of the mental illness defense statute, and performing an inadequate pretrial investigation; and (8) appellate counsel was ineffective for failing to seek a stay of the direct appeal to pursue postconviction relief.

The postconviction court denied the petition without a hearing.

All of the claims raised in Schleicher's second petition are procedurally barred by the *Knaffla* rule. We have said that claims asserted in a second or subsequent postconviction petition are procedurally barred if they could have been raised on direct appeal or in the first postconviction petition. *See Jones v. State,* 671 N.W.2d 743, 746 (Minn.2003); *Boitnott v. State,* 631 N.W.2d 362, 369 (Minn.2001). Each of Schleicher's claims, except his claim of ineffective assistance of appellate counsel, could have been raised on direct appeal. The factual basis for each of these claims is readily apparent from the district court record, and Schleicher thus knew or should have known of these claims at the time of his direct appeal and when he filed his first postconviction petition. *See Koskela,* 690 N.W.2d at 134.

Schleicher's claim of ineffective assistance of appellate counsel is also procedurally barred because he could have raised it in his first postconviction petition. *See Jones,* 671 N.W.2d at 746. Moreover, this claim was properly denied because it was previously raised in Schleicher's first petition. A postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner." Minn.Stat. § 590.04, subd. 3. This summary denial provision also applies to the claims of ineffective assistance of trial counsel raised in Schleicher's second petition that were previously raised in his first petition.

None of these claims falls within either exception to the *Knaffla* rule. None of the claims is so novel that the legal basis for it was not available at the time of direct appeal, nor do the interests of justice require our consideration of any of the claims raised in Schleicher's second petition. Schleicher again argues that we

should review his claims in the interests of justice because he was unable to raise these claims on direct appeal, as he lacked access to a law library. However, Schleicher was represented by counsel both on direct appeal and for his first postconviction petition and thus had access to legal information through his attorneys. Schleicher also contends that we should reach the merits of his claims because it is unfair to *Knaffla*-bar them because he has not had "one right of review." But Schleicher's conviction was reviewed by us on direct appeal.

Schleicher's claims of ineffective assistance of trial counsel do not fall within the interests of justice exception to the *Knaffla* rule because they can be decided on the basis of the trial record and the briefs. *See Azure,* 700 N.W.2d at 448–49; *Carney v. State,* 692 N.W.2d 888, 891 (Minn.2005). Schleicher contends that his trial counsel was ineffective for failing to adequately examine the expert witnesses, failing to conduct an adequate pretrial investigation, failing "to inform himself as to the contents of the psychiatric manual DSM–IV," and failing to challenge the constitutionality of the mental illness defense statute.[8] Consideration of these claims does not necessitate an inquiry into attorney-client communications or otherwise require additional fact finding. Instead, these claims challenge counsel's trial strategy, which we generally will not review for competence. *See Opsahl,* 677 N.W.2d at 421; *State v. Vick,* 632 N.W.2d 676, 689 (Minn.2001). Schleicher's ineffective assistance of trial counsel claims, like the other claims raised in his second petition, are thus procedurally barred by *Knaffla.* Accordingly, we hold that the postconviction court did not

abuse its discretion in denying Schleicher's second petition because all of the claims raised in it are barred by the *Knaffla* rule.

■ Finally, we consider whether the postconviction erred in denying Schleicher an evidentiary hearing on his second petition. A postconviction court must hold an evidentiary hearing unless the petition, files, and record conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2004). Because the *Knaffla* rule barred all of Schleicher's claims, and because his ineffective assistance of appellate and trial counsel claims were subject to summary denial under Minn.Stat. § 590.04, subd. 3, an evidentiary hearing was not required. The files and record conclusively show that Schleicher is not entitled to relief on his second petition.

Affirmed.

PAGE, Justice (dissenting).

I would reach the merits of Schleicher's claims in the interests of justice. *Taylor v. State,* 691 N.W.2d 78, 79 (Minn.2005). Minnesota Statutes § 611.026 (2004) provides:

> No person shall be tried, sentenced, or punished for any crime while mentally ill or mentally deficient so as to be incapable of understanding the proceedings or making a defense; but the person shall not be excused from criminal liability except upon proof that at the time of committing the alleged criminal act the person was laboring under such a defect of reason, from one of these causes, as not to know the nature of the act, or that it was wrong.

---

**8.** In the second petition Schleicher also contends that trial counsel failed "to provide notice [sic] expert witnesses during trial." Without a more specific allegation, the basis for this claim cannot be discerned. Because

allegations in postconviction petitions must be more than mere argumentative assertions without factual support, we do not address this claim. *See Azure,* 700 N.W.2d at 448 n. 1.

We have said on a number of occasions that the test for right and wrong does not focus on whether the individual knew his actions were *legally* wrong, but encompasses the individual's ability to know that the action was *morally* wrong. *State v. Ulm,* 326 N.W.2d 159, 161 (Minn.1982); *State v. Bott,* 310 Minn. 331, 336, 246 N.W.2d 48, 52 (1976). The model jury instruction, titled "Defense of Mental Illness or Mental Deficiency," states:

> [E]ven if the defendant knew the nature of the act, the defendant did not understand that the act was wrong. \* \* \* The word "wrong" is used in the moral sense and does not simply refer to a violation of a statute. Stated another way, even if the defendant realized that the act violated the law, the defendant is not criminally liable if, because of a defect of reason, the defendant did not understand that the act was morally wrong.

10 Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal,* CRIMJIG 6.02 (4th ed.1999).

Here, Schleicher has an extensive medical history of mental illness. He suffered from severe psychosis, as manifested by, among other things, his delusion that Johannsen was working as an agent of the Chinese government. The trial court concluded that, but for his mental illness, Schleicher would not have killed Johannsen. The trial court's words are particularly telling:

> The evidence appears overwhelming that the murder of Mr. Johannsen was a direct result of the *active delusions* that were a major part of Defendant's mental illness. He would not have killed Mr. Johannsen if he had not been suffering from an active psychotic mental illness. In summary, Defendant's delusions caused him to increasingly fear and dislike Mr. Johannsen and the delusions led

him to kill Mr. Johannsen in a brutal murder.

(Emphasis added.)

Given that the test for knowing right from wrong under section 611.026 encompasses the individual's ability to know that his actions were morally wrong and given the trial court's finding that Schleicher's murder of Johannsen "was a direct result of the *active delusions* that were a major part of [Schleicher's] mental illness," it is not clear to me how Schleicher failed to meet his burden of showing that he did not know that the act of killing Johannsen was wrong.

Therefore, I respectfully dissent.

ANDERSON, PAUL H., Justice (dissenting).

I join in the dissent of Justice Page.