John Steven MARTIN, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–2150.

Supreme Court of Minnesota.

May 8, 2008.

John Steven Martin, Stillwater MN, Appellant Pro Se.

Lori Swanson, Minnesota Attorney General, St. Paul MN, and Thomas H. Pertler, Carlton County Attorney, Nichole Jean Carter, Assistant County Attorney, Carlton MN, for Respondent.

## OPINION

RUSSELL A. ANDERSON, Chief Justice.

Appellant John Steven Martin appeals the district court's summary denial of his petition for postconviction relief. We affirm.

Martin was convicted in 1999 of the August 28, 1996, murder of 17–year–old Paul Antonich. On direct appeal, he argued (1) that his right to equal protection was violated by the State's peremptory strike of the only African American in the jury pool; (2) that the district court abused its discretion in excluding testimony of a defense witness; and (3) that the district court abused its discretion by denying him a *Schwartz* hearing to evaluate allegations of jury misconduct. *State v. Martin*, 614 N.W.2d 214, 221 (Minn.2000). We affirmed his conviction. *Id.* at 218.

In 2007, Martin filed a petition for postconviction relief with the Carlton County District Court. The district court summarily denied relief. Martin now appeals. He argues first that he received ineffective assistance of trial counsel because his attorney failed to object to crime scene video and photos, failed to object to the use of a police report to refresh the recollection of the officer who heard Martin's testimony, failed to assert the claims Martin raises in his postconviction petition, and breached his fiduciary duty by talking to the press after the trial concluded. Second, he argues that the district court violated his right to be present when it received the jury's request to meet with the victim's family. Finally, he generally alleges prosecutorial misconduct and trial court bias.

I.

"On review of a postconviction court's denial of relief, we 'extend a broad review of both questions of law and fact.'" *Spann v. State*, 740 N.W.2d 570, 572 (Minn.2007) (quoting *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003)). This court reviews legal issues de novo and factual issues for sufficiency of the evidence. *Id.* "A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts that would warrant relief." *Ferguson v. State*, 645 N.W.2d 437, 442 (Minn.2002). "Allegations in a postconviction petition must be 'more than argumentative assertions without factual support.'" *Id.* at 446 (quoting *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). A petitioner is entitled to an evidentiary hearing if he has alleged "facts that would, if proved by a fair preponderance of the evidence, entitle him to relief." *Id.*

"[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Claims otherwise barred by *Knaffla* will be considered only under either of two circumstances: where a claim's legal basis is so novel that it was not reasonably available on direct appeal or where fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Leake v. State,* 737 N.W.2d 531, 535 (Minn. 2007) (internal quotation marks omitted).

We conclude that all of Martin's claims are procedurally barred. All of Martin's claims were known at the time of direct appeal. They are not legally novel. Martin offers no explanation for his failure to raise them at the time of direct appeal. Accordingly, we hold Martin's claims to be barred by *Knaffla.* Further, we observe that Martin has failed to allege facts that would, if proved, entitle him to relief. As such, even if his claims were not procedurally barred, summary denial of his petition would be proper.

Affirmed.