*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0796**

Karl Arthur Keene, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 29, 2016
Affirmed
Ross, Judge**

Rock County District Court
File No. 67-CR-12-138

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald R. Klosterbuer, Rock County Attorney, Jeffrey L. Haubrich, Assistant County Attorney, Luverne, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Karl Keene showed up at the home of his child's mother, apparently drunk, shouting and pounding on the front door to demand that she surrender the child to him to begin his

parenting time. Keene physically combatted the responding police officer, who eventually used a Taser device to subdue him. Keene eventually pleaded guilty to one count of disorderly conduct. He now appeals the district court's denial of his postconviction petition seeking to withdraw his guilty plea on the theory that sustaining the plea is manifestly unjust. Because the district court did not abuse its discretion by denying Keene's plea-withdrawal petition, we affirm.

**FACTS**

On a May 2012 evening, Officer Michael DeJong met with B.B. about the arrangement governing the custody of her and Karl Keene's son. B.B. told the officer that although Keene was scheduled for parenting time that day, Keene was drunk and the child was afraid to go to Keene's home. Later that evening, Officer DeJong was dispatched to B.B.'s home where Keene was reportedly shouting and pounding on the front door. The officer saw Keene standing in the yard and a car parked in front of the house. He asked Keene what he was doing, and Keene responded, "Nothing." Keene smelled strongly of the odor of an alcoholic beverage, and the officer told Keene that he would discuss the custody arrangement if Keene would submit to a breath test. Keene refused. Officer DeJong asked if the parked car was Keene's, and Keene said it was not, claiming that he had walked to B.B.'s home.

But Keene began walking toward the car, and Officer DeJong ordered him to stop. Keene refused. Officer DeJong radioed for backup and ordered Keene to the ground. Keene refused. Officer DeJong grabbed Keene by the arm and ordered him to stop. Keene turned toward the officer and grabbed his uniform with both hands. The officer attempted to pull

2

away, but Keene's grip was too strong. He kicked Keene in the upper thigh and ordered him to the ground, eventually freeing himself and shocking Keene with his Taser device, subduing him.

The state charged Keene with obstructing legal process, disorderly conduct, and fleeing a peace officer by means other than a motor vehicle. Keene submitted his signed plea petition agreeing to plead guilty to the misdemeanor count of disorderly conduct in exchange for the state's dismissing the other charges. The petition indicated that Keene had discussed the charges, his constitutional rights, and the petition with his attorney and that he was entering his guilty plea freely and voluntarily. He also waived his constitutional rights and his right to be present upon entry of his plea and sentencing. The district court accepted the plea petition and sentenced Keene under its terms.

In 2012 and 2013, Keene petitioned the district court for postconviction relief but failed to serve the state. He petitioned again in October 2014, requesting that he be allowed to withdraw his guilty plea. Keene provided a supporting affidavit pro se, raising several additional claims. The district court denied the petition. Keene appeals.

## D E C I S I O N

Keene asserts that the district court erred by denying his request to withdraw his guilty plea. We review the denial of postconviction relief for abuse of discretion, but we review de novo the district court's determinations of legal issues. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). A petitioner may seek to withdraw a guilty plea after sentencing "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest

3

injustice exists when a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). For a plea to be valid, it must be accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Keene argues that his plea was not intelligent.

We are not convinced by Keene's argument that his plea was not intelligently made. A plea is intelligent if the defendant understands three things: (1) the charges against him; (2) the rights waived by pleading guilty; and (3) the consequences of the plea. *Williams v. State*, 760 N.W.2d 8, 15 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009). Keene asserts that at the time he entered his plea he was experiencing episodes of delusion and posttraumatic stress, which his attorney and the district court had failed to recognize and investigate. But the record lacks any evidence that tends to indicate that his attorney or the district court judge should have inferred that he was delusional or otherwise suffering from mental illness. This defeats his argument because factually unsupported assertions "do not entitle [a petitioner] to either an evidentiary hearing or relief." *Gassler v. State*, 590 N.W.2d 769, 772 (Minn. 1999).

Keene also points to an alleged deficiency in his plea process. He maintains that his written plea petition did not require him to indicate, and the district court did not ask, whether he was afflicted by any mental-health problems at the time he entered the plea. He identifies no constitutional provision or legal theory that requires the inquiry, and the rules do not support his argument. Keene pleaded guilty to a misdemeanor charge, and Minnesota Rule of Criminal Procedure 15.02, subdivision 1, does not require a district court to inquire into the defendant's mental state when accepting a misdemeanor or gross misdemeanor plea. *Cf.* Minn. R. Crim. P. 15.01, subd. 1(5) (requiring the district court in

felony cases to determine whether the defendant has a mental disability or is undergoing medical or psychiatric treatment before the entry of a guilty plea). Although the court and its officers have a general duty to raise any doubts about the defendant's competency to stand trial, Minn. R. Crim. P. 20.01, subd. 3, again Keene does not identify any evidence that would inspire such doubts. The district court did not abuse its discretion by denying Keene's petition to withdraw his guilty plea.

Keene asks us to review the pro se claims raised in his affidavit in support of his postconviction petition. He claims specifically that he is entitled to relief because there was an insufficient factual basis for his plea, that he was denied the effective assistance of counsel, and that his conviction violates his First Amendment free speech rights. After considering these arguments, we are satisfied that they warrant no discussion and that the district court correctly concluded that they do not entitle him to relief.

**Affirmed.**