*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1100**

State of Minnesota,
Respondent,

vs.

Jeremy Louis Burrell,
Appellant.

**Filed January 20, 2026**
**Affirmed**
**Worke, Judge**

Redwood County District Court
File No. 64-CR-21-133

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Shannon M. Ness, Redwood County Attorney, Redwood Falls, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bentley, Presiding Judge; Frisch, Chief, Judge; and

Worke, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief, arguing that the district court erred in determining that he was not entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim. We affirm.

**FACTS**

We derive the following facts from the record. In February 2021, police were dispatched to a residence for a welfare check. Police found the homeowner, T.R., deceased.

The next day, T.R.'s girlfriend called the police and reported that appellant Jeremy Louis Burrell broke into the residence through a basement window. Police arrived and found the broken basement window, a cordless drill nearby, and a second basement window with the screws removed. Police found Burrell in the home with vice grips, pliers, and other tools. Police identified that these tools were used to "gain . . . access to the house." Police noticed that Burrell had "jewelry and stuff on." Police found drawers opened and things moved, including a safe on a nightstand. Burrell told police that T.R.'s girlfriend had told him to enter the house and protect the property within. Police arrested Burrell and transported him to jail.

The same day, while in jail, Burrell asked to talk to an officer. Police arrived and talked to Burrell, but did not record the conversation. The record indicates that, during this conversation, Burrell told police that he lived at the residence and showed text messages to support his assertion.

2

The following day, police entered the residence with T.R.'s daughter to collect jewelry and personal items for the funeral. T.R.'s daughter discovered that jewelry was missing from the residence.

Police returned to the jail, reviewed the property that Burrell had when he was booked into jail, and discovered that the jewelry he was wearing was the jewelry missing from T.R.'s residence. Police interviewed Burrell a second time. This interview was recorded, but police did not give Burrell a *Miranda* warning. During this interview, Burrell admitted that the jewelry was T.R.'s and stated that he was protecting the jewelry "so it wouldn't get stolen."

Respondent State of Minnesota charged Burrell with second-degree burglary, possession of burglary tools, third-degree criminal damage to property, and theft. Burrell was appointed a public defender. Burrell's attorney moved the district court to dismiss the charges for lack of probable cause. The district court denied the motion. Burrell's attorney did not move to suppress Burrell's statements made to the police.

At trial, the jury heard testimony regarding Burrell's two statements made to police. Burrell also testified, stating that he lived at the residence, believed that the residence would be robbed, and took the jewelry to protect it. During closing statements, Burrell's attorney argued that Burrell did not intend to steal the property—he was protecting it—and therefore he lacked the requisite intent necessary for him to be found guilty of the charges.

The jury found Burrell guilty as charged. The district court sentenced Burrell to 23 months in prison, stayed for three years.

Burrell petitioned the district court for postconviction relief, alleging ineffective assistance of counsel. Specifically, he claimed that his counsel was ineffective for failing to seek suppression of his statements to the police.

The district court denied the petition, concluding that Burrell failed to show that he was entitled to an evidentiary hearing on his claim. This appeal followed.

## DECISION

Burrell claims that the district court erred by denying his petition for postconviction relief without holding an evidentiary hearing. We review a denial of a postconviction-relief petition based on an ineffective-assistance-of-counsel claim de novo because it involves "mixed questions of law and facts." *Ezeka v. State*, 16 N.W.3d 768, 782 (Minn. 2025) (quotation omitted).

To be entitled to an evidentiary hearing, Burrell must allege facts that, if proven by a fair preponderance of the evidence, would satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* The test requires Burrell to show "(1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Id.* (quotation omitted). "A reasonable probability means a probability sufficient to undermine confidence in the outcome." *Leake v. State*, 767 N.W.2d 5, 10 (Minn. 2009) (quotation omitted). Our review is based on the totality of the evidence presented to the jury. *Dereje v. State*, 837 N.W.2d 714, 721-22 (Minn. 2013).

We may review the prongs in any order and need not consider the second prong if the claim fails on the first prong considered. *Schleicher v. State*, 718 N.W.2d 440, 447

4

(Minn. 2006). We first consider the second prong—whether Burrell met his burden to show that, without counsel's alleged deficient performance, the outcome of the trial would have been different.

A person commits second-degree burglary if they enter a building without consent and commit a crime or intend to commit a crime, and the building entered is a dwelling, or the burglar possessed tools to gain access to money or property. Minn. Stat. § 609.582, subd. 2(a)(1), (4) (2020). A person possesses burglary or theft tools by possessing "any device, explosive, or other instrumentality" and using the tool(s), or intending to use the tool(s) to commit burglary or theft. Minn. Stat. § 609.59 (2020). A person commits theft when they "intentionally and without claim of right take[], use[], transfer[], conceal[] or retain[] possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." Minn. Stat. § 609.52, subd. 2(a)(1) (2020). A person commits third-degree criminal damage to property when they intentionally damage another's physical property without consent and the damage reduces the property's value by more than $500." Minn. Stat. § 609.595, subd. 2(a)(1) (2020). "Intent is a state of mind; it is frequently proven with circumstantial evidence." *State v. Irby*, 967 N.W.2d 389, 396 (Minn. 2021).

Here, the police found one basement window broken and another with the screws removed. Police found Burrell inside with tools police identified as being used to gain access to the residence. The house had been rummaged through. And Burrell had T.R.'s jewelry on him when arrested. Even if Burrell's attorney had moved to have Burrell's statements to the police suppressed and the district court suppressed the statements, there

5

is both direct and circumstantial evidence to support the jury's verdict. *See Ezeka*, 16 N.W.3d at 783 (recognizing an ineffective-assistance-of-counsel claim fails when an appellant does not explain how he could have prevailed if counsel had pursued suppression of his statement).

Burrell argues that, if his statements had been suppressed, he "likely would not have testified." We are unpersuaded. First, it appears that the inclusion of Burrell's statements to the police and trial testimony was a strategy attempting to disprove the requisite criminal element of intent. Trial strategy is not reviewable on a claim of ineffective assistance of counsel. *See Leake*, 737 N.W.2d at 542. Second, Burrell's decision to testify is his own; buyer's remorse over tactical decisions is not grounds for ineffective assistance of counsel. *See Davis v. State*, 15 N.W.3d 635, 647 (Minn. 2025). Lastly, we look to "contemporaneous evidence"—not after-the-fact assertions—to assess whether Burrell would have made a different decision but for any alleged deficient legal advice. *See Mason-Kimmons v. State*, 26 N.W.3d 858, 870 (Minn. 2025).

Accordingly, Burrell failed to show how the exclusion of his statements would have changed the outcome of his trial. The district court did not err by denying postconviction relief without an evidentiary hearing.

**Affirmed.**