Guy James HATHAWAY,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–1188.

Supreme Court of Minnesota.

Dec. 6, 2007.

Guy James Hathaway, Stillwater, MN, Appellant, pro se.

Lori Swanson, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for Respondent.

## OPINION

PAGE, Justice.

In this case, we review the postconviction court's denial of pro se petitioner Guy James Hathaway's second petition for postconviction relief challenging his 1984 conviction for first-degree murder. The postconviction court denied the petition without an evidentiary hearing. The court also denied Hathaway's request for appointed counsel. We affirm.

In this appeal, Hathaway's claims, construed liberally as required by Minn.Stat. § 590.03 (2006), are that: (1) his illiteracy at the time of his trial and postconviction proceedings prevented him from assisting in his own defense; (2) the description of his offense under the uniform offense charging codes is erroneous; (3) any reference to the victim as a police officer during trial was prejudicial error; (4) various other violations of his constitutional rights require reversal; (5) he was denied the right to attend his first postconviction hearing; (6) newly-discovered evidence reveals that a key witness at his trial perjured himself; (7) he was denied effective assistance of counsel at his first postconviction proceeding; and (8) he was erroneously denied appointed counsel for pursuing this second postconviction petition. For the reasons discussed below, we affirm.

On October 24, 1982, Richard Walton, an off-duty police officer, was killed while attempting to prevent the armed robbery of a hospital pharmacy. Subsequently, Hathaway was arrested, charged, and convicted in connection with the killing. *State v. Hathaway*, 379 N.W.2d 498, 500 (Minn. 1985).[1] On direct appeal, we affirmed Hathaway's conviction. *Id.* at 508. Hathaway subsequently filed a petition for postconviction relief, which was denied by the postconviction court. *Hathaway v. State*, 434 N.W.2d 461, 461 (Minn.1989). On appeal, we affirmed the denial of postconviction relief. *Id.* Hathaway was represented by counsel in both his direct appeal, *State v. Hathaway*, 379 N.W.2d at 499, and his appeal from the denial of postconviction relief, *Hathaway v. State*, 434 N.W.2d at 461.

I.

Under Minn.Stat. § 590.01, subd. 1 (2006), a person convicted of a crime may petition for postconviction relief on the grounds that the conviction violated his rights under state or federal law. An evidentiary hearing must be held on that petition unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat § 590.04, subd. 1 (2006).

On review of postconviction proceedings, we inquire as to whether there was sufficient evidence to support the low-

---

1. The facts and circumstances surrounding the killing and Hathaway's subsequent arrest and conviction are set forth in this court's opinion on direct appeal and will not be repeated here except to the extent necessary to resolve the issues raised in this appeal.

er court's findings, and will reverse only for an abuse of discretion. *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997). We will not consider allegations in a petition for postconviction relief that are "no more than argumentative assertions without factual support." *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971).

■ Once a direct appeal has been taken from a conviction, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). In addition, any claims that the petitioner should have known of at the time of his direct appeal will not be considered. *See Black v. State,* 560 N.W.2d 83, 85 (Minn.1997). *Knaffla* also bars the review of claims that could have been raised in a previous postconviction petition. *Wayne v. State,* 601 N.W.2d 440, 441 (Minn.1999).[2]

### A. Illiteracy at Time of Trial and First Postconviction Review

■ Hathaway first asserts that, because he was illiterate at the time of his trial and first postconviction petition, he was unable to assist in his own defense. This claim is barred under *Knaffla* because Hathaway necessarily knew or should have known of the effect his alleged illiteracy had on his ability to assist in his own defense at the time of his direct appeal. Having failed to raise the issue then,

the issue is barred now. *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741.

### B. References to the Uniform Charging Codes

■ Hathaway was indicted on three separate counts of first-degree murder: (1) premeditated murder in violation of Minn.Stat. § 609.185(1) (2000); (2) felony murder in violation of Minn.Stat. § 609.185(3) (1988); and (3) murder of a police officer in violation of Minn.Stat. § 609.185(4) (1984). The face of the indictment indicates that the offense tracking code for the murder of a police officer— Uniform Offense Classification # 0907— was listed for all three counts of the indictment. Before jury selection commenced, the state dismissed count 3 of the indictment (murder of a police officer). Ultimately, Hathaway was convicted on count 1 (premeditated murder) and count 2 (felony murder) of the indictment and of conspiracy to commit aggravated robbery.

Hathaway alleges that the use of the erroneous tracking code on both his indictment and a Department of Corrections Annual Review Report requires that his petition for postconviction relief be granted. Although Hathaway is correct that the wrong offense tracking code appears on his indictment and the Department of Corrections Annual Review Report, he does not explain how having the incorrect offense tracking code had any effect on his conviction. Because this claim contains nothing more than argumentative assertions, we will not consider it here. *Beltowski,* 289 Minn. at 217, 183 N.W.2d at 564.[3]

---

**2.** The *Knaffla* rule has two limited exceptions, neither of which is applicable to the claims made here. The first is for claims so novel that their legal bases were not reasonably available to counsel at the time of direct appeal. *Case v. State,* 364 N.W.2d 797, 800 (Minn.1985). The second allows review when fairness so requires, unless the petitioner deliberately and inexcusably failed to raise the issue on direct appeal. *Fox v. State,* 474 N.W.2d 821, 825 (Minn.1991).

**3.** We note that, to the extent that the offense tracking code is currently listed improperly on Hathaway's Department of Corrections Annual Review Report, that issue is more properly addressed to the Department.

## C. Reference to Victim as "Officer Walton" at Trial

■ Hathaway next claims that references to the victim at trial as a police officer were prejudicial and inflammatory. Because any error in referring to the victim as a police officer at trial would have been known at the time of Hathaway's direct appeal, this claim is also *Knaffla*-barred. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

## D. Constitutional Violations

■ Hathaway also argues that his trial violated his right to due process and equal protection, and that his punishment is cruel and unusual. Because, as with his offense tracking code claims, Hathaway has provided no factual or other support for these constitutional claims, we will not consider them here. *Beltowski*, 289 Minn. at 217, 183 N.W.2d at 564.

## E. Denial of Right to Attend Postconviction Proceedings

■ Hathaway asserts that he was improperly denied the ability to attend the hearing on his first postconviction petition. Hathaway did not, however, have a right to attend that hearing. *Effinger v. State*, 380 N.W.2d 483, 487 (Minn.1986). Because Hathaway had no right to attend the hearing, we conclude that this claim has no merit.

## F. New Evidence of Perjured Testimony

■ During Hathaway's trial, William Dwyer, an admitted accomplice of Hathaway, was a key witness for the state. Hathaway now claims that newly discovered evidence—a plea agreement between Dwyer and Missouri authorities in a separate matter and a bartender's 1994 statement to an investigator that contradicts a portion of Dwyer's trial testimony—shows that Dwyer perjured himself when Dwyer testified against him at his trial.

Our review of the trial record indicates that Hathaway either knew or should have known of the details of Dwyer's plea agreement at the time of trial, and certainly no later than the time of his first petition for postconviction relief. He should have also known about the bartender's alleged statements before his first petition for postconviction relief was filed.[4] At Hathaway's trial, Dwyer was cross-examined extensively about his pending Missouri plea agreement. That plea agreement was accepted and Dwyer was sentenced pursuant to the agreement in December 1984. With respect to the bartender, the record indicates that by letter dated April 14, 1987, Hathaway was informed by his lawyer that he would not be raising any claims with respect to the bartender. The bartender's 1994 statement was not materially different from the information considered by Hathaway's lawyer in 1987 when he decided not to raise any claims involving the bartender. Because Hathaway knew or should have known of the bases for his perjury claim related to Dwyer by the time of his direct appeal and first postconviction petition, that claim is barred under *Knaffla*.

## G. Ineffective Assistance of Counsel

■ To establish ineffective assistance of counsel, a petitioner must "show that his attorney's representation fell below an objective standard of reasonableness, and that but for the errors, the result would have been different." *Wilson v. State*, 582 N.W.2d 882, 885 (Minn.1998). A

---

4. Notably, Hathaway's attorney's failure to raise the claim related to the bartender's alleged statements in his first petition for post- conviction relief forms the basis for Hathaway's ineffective assistance of counsel claim.

claim of ineffective assistance cannot be based on matters of trial strategy, *Leake v. State*, 737 N.W.2d 531, 536 (Minn.2007), and an attorney's failure to raise a particular claim will not constitute ineffective assistance if the attorney "could have legitimately concluded that he would not have prevailed" on that claim. *Schneider v. State*, 725 N.W.2d 516, 523 (Minn.2007).

Hathaway alleges that he was denied the effective assistance of counsel at his first postconviction hearing when his counsel failed to raise certain issues concerning Dwyer's committing perjury at trial. This claim fails on the merits.

As noted above, Hathaway's attorney declined to raise the perjury claim. In particular, the attorney observed that the proposed witness could not testify with any certainty to facts that would support the perjury claim. The decision not to raise the issue was a matter of strategy grounded in the conclusion that Hathaway could not prevail on the claim. Therefore, we conclude that Hathaway's counsel was not ineffective because his performance did not fall below an objective standard of reasonableness.

## II.

We read Hathaway's appeal to also challenge the postconviction court's refusal to appoint him counsel for this, his second postconviction proceeding.[5] By statute, the state public defender must represent an indigent prisoner in a postconviction proceeding "if the person has not already had a direct appeal of the conviction," but, as to all others, such representation is optional. Minn.Stat. § 590.05 (Supp.2007). A petitioner's right to counsel under the state constitution is

satisfied by the assistance of counsel in one appeal. *Deegan v. State*, 711 N.W.2d 89, 98 (Minn.2006). Here, Hathaway was represented by counsel on direct appeal and thus had no right to counsel in this, his second postconviction proceeding.[6] Therefore, the postconviction court did not err when it declined to appoint counsel for Hathaway.

Because the record conclusively shows that Hathaway's claims lack merit, we hold that the district court did not abuse its discretion when it denied his postconviction petition without an evidentiary hearing.

Affirmed.

---

5. By a separate motion, Hathaway asked this court to appoint him counsel for this appeal. That motion was denied by order dated June 20, 2007.

6. While Hathaway had no right to counsel in his first postconviction proceeding, he nonetheless had the benefit of counsel in that proceeding.