**Rene Julian McKENZIE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A08–167.**

Supreme Court of Minnesota.

Aug. 7, 2008.

Rene Julian McKenzie, Minnesota Correctional Facility, Stillwater, MN, pro se appellant.

Lori Swanson, Atty. Gen., St. Paul, MN Michael O. Freeman, Hennepin County Atty., Michael K. Walz, Asst. Hennpin County Atty., Minneapolis, MN, for respondent.

## OPINION

MEYER, Justice.

Rene Julian McKenzie filed a petition for postconviction relief in July 2007. The postconviction court denied his petition without a hearing. We affirm.

On December 2, 1992, a Hennepin County jury convicted McKenzie of first-degree murder in the death of Perry Pajunen, and he was sentenced to life in prison.[1] McKenzie appealed to this court in 1993, with the assistance of appellate counsel, raising three issues: (1) whether the evidence was sufficient to support the conviction; (2) whether the district court erred in admitting testimony from a witness who said that McKenzie told her he had killed before and would do it again; and (3) prejudicial misconduct in the prosecutor's final argument. *State v. McKenzie*, 511 N.W.2d 14, 16–17 (Minn.1994). We affirmed McKenzie's conviction, concluding that any errors were harmless. *Id.* at 17.

In July 2007, McKenzie filed a pro se petition for postconviction relief making two claims: ineffective assistance of trial counsel and jury nullification. He seeks a new trial, a reduction of his charge to second-degree murder, or his immediate release to the INS [2] for deportation pursuant to a 1995 immigration court order. The postconviction court found that both claims were barred by the rule of *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), and denied the petition without an evidentiary hearing. McKenzie appealed.

When a person convicted of a crime petitions for postconviction relief, the postconviction court must hold an evidentiary hearing unless the "files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). The petitioner bears the burden of establishing

---

1. A comprehensive statement of the facts can be found in our decision on direct appeal, *State v. McKenzie*, 511 N.W.2d 14, 15–16 (Minn.1994).

2. The INS (Immigration and Naturalization Service) no longer exists. Immigration and Customs Enforcement (ICE), part of the Department of Homeland Security, is now charged with enforcing immigration laws.

by a fair preponderance of the evidence facts that warrant reopening the case. Minn.Stat. § 590.04, subd. 3 (2006). "Allegations in a postconviction petition must be 'more than argumentative assertions without factual support.'" *Schleicher v. State*, 718 N.W.2d 440, 444 (Minn.2006) (quoting *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). An evidentiary hearing is not necessary if the petitioner does not allege facts sufficient to entitle him to the requested relief. *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). When reviewing a postconviction court's denial of relief, we examine whether the findings are supported by the evidence. *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007). The decision to grant or deny a new trial will not be disturbed absent an abuse of discretion. *Id.*

■■ Claims asserted in a postconviction petition are procedurally barred under our rule of *Knaffla* if they were raised in a direct appeal or a previous postconviction petition, or if they were known or should have been known at the time of direct appeal. *Buggs v. State*, 734 N.W.2d 272, 274 (Minn.2007); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. There are two exceptions: a claim may be considered despite the *Knaffla* bar if it is so novel that the legal basis for it was unavailable on direct appeal, or if fairness requires review and the petitioner did not "deliberately and inexcusably" fail to raise the claim on direct appeal. *Perry*, 731 N.W.2d at 146 (citing *White v. State*, 711 N.W.2d 106, 109 (Minn.2006)). Neither of McKenzie's claims was raised on direct appeal.

### Ineffective assistance of counsel

■ McKenzie asserts that his trial counsel was ineffective in the following ways: (1) by failing to object to testimony of the victim's widow; (2) by failing to interview and call rebuttal witnesses; (3) by meeting only twice with McKenzie before trial; (4) by failing to conduct formal discovery; (5) by making "racial remarks during closing statement"; (6) by having a record of misconduct and professional discipline; (7) by failing to inform McKenzie of counsel's disciplinary record and of McKenzie's right to self-representation; and (8) because trial counsel, as an "officer[ ] of the court," had an inherent conflict of interest.

■ The *Knaffla* bar applies to ineffective assistance of counsel claims. *Torres v. State*, 688 N.W.2d 569, 572 (Minn.2004). McKenzie knew or should have known of all of these claims at the time of his direct appeal. The first *Knaffla* exception, for a claim "so novel that the legal basis was not available on direct appeal," *Perry*, 731 N.W.2d at 146, is clearly unavailable here, as the standard for a Sixth Amendment ineffective assistance of counsel claim was established eight years before McKenzie's trial. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Eling*, 355 N.W.2d 286, 293 (Minn.1984).

■ We have determined that an ineffective assistance of counsel claim fits within the second exception to *Knaffla* "if it cannot be determined from the district court record and requires additional evidence, such as that involving attorney-client communications." *Torres*, 688 N.W.2d at 572 (citing *Robinson v. State*, 567 N.W.2d 491, 494–95 (Minn.1997)).[3] Here, the trial record fully informs the alleged failure to object to testimony, the racial remarks during closing arguments,

---

3. The best procedure for raising such a claim, however, is "to file a petition for postconviction relief *before* appeal." *Torres*, 688 N.W.2d at 572 n. 1 (quoting *Robinson*, 567 N.W.2d at 495 n. 3).

the witness statement McKenzie wished to rebut, and the evidence presented by the defense. McKenzie's other allegations, that his trial counsel had a conflict of interest, failed to conduct discovery, and met with him only twice before trial, are simple argumentative assertions, for which he offers no factual support and no argument as to why they constitute ineffective assistance of counsel. Under these circumstances, additional evidence is not necessary to resolve the claim on the merits, and McKenzie's ineffective assistance of counsel claim is barred by the rule of *Knaffla.*

### Jury nullification

McKenzie argues that he was denied his right to a fair trial when the court did not instruct the jury that it had an "inherent right to disregard the instructions of the court and the evidence presented and return a verdict of acquittal if [it found] that the defendant was not blameworthy." McKenzie was present when the court instructed the jury and, according to the district court, had access to the transcripts in preparing for his direct appeal. The facts were thus known to him, and he should have brought this claim on direct appeal.

Neither of the exceptions to *Knaffla* applies to this claim. It is not novel, as McKenzie relies on the case of *United States v. Dougherty,* 473 F.2d 1113 (D.C.Cir.1972), which was released 20 years before his direct appeal. McKenzie has given no explanation for why he failed to raise this claim on direct appeal, nor has he invoked the second exception to the *Knaffla* bar. The jury nullification claim is barred by the rule of *Knaffla.*

Even if the claim were not *Knaffla*-barred, it would fail on the merits. We have acknowledged that the jury in a criminal case has a "raw power of lenity."

*State v. Perkins,* 353 N.W.2d 557, 561–62 (Minn.1984). This power is not a right, but rather the result of a number of things, including the defendant's right to a jury trial, the rule "prohibiting postverdict inquiry into the thought processes of jurors," and the "rules against appellate review of verdicts of acquittal." *Id.* at 561. The Constitution does not mandate a jury instruction informing the jury of its "raw power of lenity." *Id.* at 562. Even the case most relied upon by McKenzie, *United States v. Dougherty,* concluded that such an instruction should not be given. 473 F.2d at 1135–37.

Affirmed.

MAGNUSON, C.J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.