*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2407**

Leslie Jay Boyd, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 18, 2014
Affirmed
Chutich, Judge**

Scott County District Court
File No. 70-CR-05-25211

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**CHUTICH**, Judge

In this postconviction appeal, appellant Leslie Jay Boyd Jr. contends that criminalizing test refusal is unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552

(2013), and that the district court therefore erred by denying his postconviction petition. Because Boyd's petition is time-barred, we affirm.

## FACTS

According to the complaint, on November 24, 2005, Shakopee police observed a speeding car that turned without signaling. The police attempted to pull the car over, but the car sped away and drove into a ditch. The driver, later identified as Boyd, ran away from the scene. When the police officer caught up with Boyd, the officer saw that Boyd's eyes were bloodshot and watery, his speech was slurred, and he had poor balance. Boyd admitted he drank alcohol before driving, but refused to submit to a preliminary breath test. After arresting him and taking him to the Shakopee Police Department, officers read Boyd the implied-consent advisory. Boyd spoke with an attorney on the phone and then told the officers that he refused to submit to a breath test.

The state charged Boyd with felony test refusal, first-degree driving while impaired (driving under the influence), fleeing a police officer by motor vehicle, driving after cancellation, and evading a police officer. *See* Minn. Stat. §§ 169A.20, subds. 1(1), 2, .24, 171.24, subd. 5, 609.487, subds. 3, 6 (2004).

On October 8, 2008, Boyd pleaded guilty to felony test refusal and fleeing a police officer by motor vehicle. The district court sentenced him to 63 months in prison and five years of conditional release.

Five years after his guilty plea, Boyd filed a petition for postconviction relief. He argued that his conviction of test refusal "was based on an unconstitutional statute in light of *McNeely*." The district court denied Boyd's petition without granting him a hearing,

2

holding that his petition was time-barred and did not meet any exceptions. This appeal followed.

## D E C I S I O N

Boyd contends that, because a suspected drunk driver has a right to withhold consent to a chemical test, the state cannot criminalize test refusal post-*McNeely*. He also argues that he had "the right not to submit to testing because submitting to the test may have incriminated himself." The state asserts, and we agree, that the two-year statute of limitations bars Boyd's postconviction petition.

"We review the denial of a postconviction petition for an abuse of discretion." *Francis v. State*, 829 N.W.2d 415, 419 (Minn. 2013). "In doing so, we review findings of fact for clear error, and we review questions of law de novo." *Id.* We review de novo whether a statute is unconstitutional. *State v. Wenthe*, 839 N.W.2d 83, 87 (Minn. 2013). A party challenging the constitutionality of a statute "bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012) (quotation omitted).

"No petition for postconviction relief may be filed more than two years after" a judgment of conviction becomes final. Minn. Stat. § 590.01, subd. 4(a) (Supp. 2005). A district court may consider the postconviction petition if a petitioner "asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case" or if "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(3), (5) (Supp. 2005).

3

Boyd was convicted in 2008 and filed his postconviction petition in 2013, five years later. Boyd's petition is therefore untimely, unless one of the delineated exceptions applies. *See* Minn. Stat. § 590.01, subd. 4(a)–(b). As discussed below, we conclude that no exception applies.

Boyd was convicted of felony test refusal, which is defined as "refus[ing] to submit to a chemical test of the person's blood, breath, or urine." Minn. Stat. § 169A.20, subd. 2. The test-refusal statute criminalizes refusal to submit to testing authorized under the implied-consent statute, which states that anyone who drives a motor vehicle consents "to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol." Minn. Stat. § 169A.51, subd. 1(a) (2004).

Before *McNeely,* Minnesota law held that the "rapid, natural dissipation of alcohol in the blood creates single-factor exigent circumstances that will justify the police taking a warrantless, nonconsensual blood draw from a defendant." *State v. Shriner,* 751 N.W.2d 538, 549–50 (Minn. 2008), *abrogated by Missouri v. McNeely*, 133 S. Ct. 1552 (2013); *see State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009), *abrogated in part by McNeely,* 133 S. Ct. 1552, *as recognized in State v. Brooks,* 838 N.W.2d 563, 567 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). But the Supreme Court held in *McNeely* that the natural dissipation of alcohol in the bloodstream does *not* present "a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." 133 S. Ct. at 1556.

Contrary to Boyd's contention, *McNeely* does not require us to conclude that Minnesota's test-refusal statute is unconstitutional. A plurality of the Supreme Court in

4

*McNeely* described implied-consent laws as part of a state's "broad range of legal tools to enforce [its] drunk-driving laws and to secure [blood-alcohol-concentration] evidence without undertaking warrantless nonconsensual blood draws." *Id.* at 1566. In *Brooks*, the Minnesota Supreme Court concluded that this description of implied-consent laws as "legal tools" is inconsistent with the argument that Minnesota's implied-consent statute is unconstitutional. 838 N.W.2d at 572. Moreover, the *Brooks* court held that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570. Boyd has not met his heavy burden of showing that *McNeely* renders the test-refusal statute unconstitutional.

Boyd's argument that criminalizing test refusal violates his right against self-incrimination is also unpersuasive. The state does not violate the Fifth Amendment when it introduces into evidence a driver's refusal to submit to a blood alcohol test. *South Dakota v. Neville*, 459 U.S. 553, 564–66, 103 S. Ct. 916, 922–24 (1983). And in *McDonnell v. Commissioner of Public Safety*, the Minnesota Supreme Court held that Minnesota's implied-consent law does not coerce a driver into testifying against himself. 473 N.W.2d 848, 855–56 (Minn. 1991); *see also Brooks*, 838 N.W.2d at 570 (following *McDonnell* and *Neville*).

In sum, because *McNeely* does not render the criminalization of test refusal unconstitutional, Boyd's petition does not meet the exceptions to the two-year time limit listed in Minnesota Statutes section 590.01, subdivision 4(b), and his petition is therefore time-barred.

**Affirmed.**

5