*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1457**

Danny Hamilton, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 23, 2015
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-10-17596

Danny Hamilton, Owatonna, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Pro se appellant challenges the denial of his postconviction petition following his direct appeal, arguing that the postconviction court erred by concluding that his claims

were without merit and were barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We affirm.

## FACTS

In 2010, appellant Danny Hamilton was charged with first-degree criminal sexual conduct and first-degree aggravated robbery. After the sexual assault, the victim underwent a sexual-assault examination. A nurse swabbed the victim's mouth, vagina, rectum, and perineal area. A serologist from the Minnesota Bureau of Criminal Apprehension (BCA) determined that the best source of potential DNA evidence was from the perineal swab. A BCA forensic scientist tested the perineal swab, but the remaining swabs were not tested. Upon testing of the perineal swab, DNA from the sperm of an unidentified male was found, but Hamilton's DNA was not found.

At trial, the victim testified that Hamilton sexually assaulted her orally, vaginally, and anally. In addition to the victim's testimony, the state's evidence against Hamilton included evidence of the victim's numerous physical injuries, testimony about "fresh" wounds on Hamilton's hands and blood on his clothes on the night of the incident, and a neighbor's testimony that she heard a woman "wailing" and "crying" at the scene of the crime. Hamilton testified in his own defense, admitting that he had oral sex with the victim, but claiming that it was consensual.

Hamilton was convicted of both offenses. He appealed his convictions directly to this court, arguing that: (1) prosecutorial misconduct in his first trial barred re-prosecution under the Double Jeopardy Clause; (2) the prosecutor's peremptory strike of the only African American member of the jury panel was racially motivated; (3) the

postconviction court erred by excluding evidence under the rape shield rule; and (4) the evidence was insufficient to convict him. *State v. Hamilton*, No. A11-115, 2012 WL 5747, at *1 (Minn. App. Jan. 3, 2012), *review denied* (Minn. Mar. 28, 2012). We affirmed. *Id.*

Subsequently, Hamilton sought postconviction relief, arguing that the failure of his trial and appellate counsel to request and obtain independent DNA testing of the victim's rectal and vaginal swabs constituted ineffective assistance of counsel, and that DNA testing should now be performed on the swabs. The postconviction court concluded that Hamilton's claims were without merit and were procedurally barred under *Knaffla*. This appeal followed.

## D E C I S I O N

When direct appeal is no longer available, a person convicted of a crime who claims that the conviction violated his or her rights may file a postconviction petition to vacate and set aside the judgment. Minn. Stat. § 590.01, subd. 1 (2014). "In postconviction proceedings, the burden is on the petitioner to establish, by a fair preponderance of the evidence, facts that warrant relief." *Williams v. State*, 692 N.W.2d 893, 896 (Minn. 2005). "Allegations in a postconviction petition must be more than argumentative assertions without factual support." *McKenzie v. State*, 754 N.W.2d 366, 369 (Minn. 2008) (quotations omitted). "We review a denial of a petition for postconviction relief . . . for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic

3

and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation and citations omitted).

## I.

Hamilton argues that, where the state did not conduct DNA testing of the victim's rectal and vaginal swabs, his trial counsel provided ineffective assistance by failing to conduct such tests. He alleges that his trial counsel failed to conduct DNA testing of the swabs because the tests were too expensive or would take too long, and he argues that these reasons are insufficient to excuse his trial counsel's lack of diligence in performing such tests.

"[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted). "A claim of ineffective assistance of trial counsel that can be decided on the basis of the trial court record must be brought on direct appeal and is procedurally barred when raised in a [subsequent] postconviction petition." *White v. State*, 711 N.W.2d 106, 110 (Minn. 2006) (quotation omitted).

Hamilton's claim of ineffective assistance of trial counsel is barred under *Knaffla* because, at the time of his direct appeal, he knew that the victim's rectal and vaginal swabs were not tested, yet he did not raise this claim. *See* 309 Minn. at 252, 243 N.W.2d

4

at 741. Hamilton does not argue that his claim falls under either of the two *Knaffla* exceptions.

Even if this claim were not *Knaffla*-barred, however, it would fail on the merits. To prevail on his ineffective assistance of trial counsel claim, Hamilton must show "(1) [that] his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that the outcome would have been different but for counsel's errors." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Hamilton's claim fails both prongs of the *Strickland* test.

"There is a strong presumption that counsel's performance was reasonable." *Schleicher*, 718 N.W.2d at 447 (quotation omitted). "Analysis of the performance prong generally does not include reviewing attacks on counsel's trial strategy because trial strategy lies within the discretion of trial counsel." *Id.* (quotation and citation omitted). We conclude that the district court did not abuse its discretion by finding that the decision not to order additional DNA testing of the rectal and vaginal swabs was part of the trial counsel's strategy. As the postconviction court articulated:

> [D]efense counsel used the lack of testing to argue reasonable doubt on behalf of [Hamilton]. Defense counsel argued that [the] lack of testing results—and the lack of a request for testing by the [s]tate—[w]as a failure to do good police work, as part of an overall attack on the [s]tate's case. The record makes it clear that the defense strategy was to use the lack of testing as grounds for why the jury should have reasonable doubt as to [Hamilton's] guilt. Seeking independent DNA testing may have undermined this argument.

5

The postconviction court's findings of fact are not clearly erroneous, and it correctly applied the law. Therefore, Hamilton has not shown that his trial counsel's performance fell below an objective standard of reasonableness.

As to the prejudice prong, Hamilton argues that DNA testing of the victim's rectal and vaginal swabs could have proven that he did not have anal or vaginal sex with the victim, which would have supported his consent defense. But, neither anal nor vaginal penetration is an essential element of Hamilton's conviction. *See* Minn. Stat. §§ 609.342, subd. 1e(i) (2008) (requiring "the actor [to cause] personal injury" by using "force or coercion to accomplish sexual penetration"), .341, subd. 12 (2008) (including oral sex in the definition of "sexual penetration"). Moreover, the jury heard ample evidence that supported the criminal sexual conduct conviction, including the victim's testimony, documentary evidence of the victim's physical injuries, testimony about "fresh" wounds on Hamilton's hands, and a neighbor's testimony that she heard a woman screaming. Hamilton has not shown that there is a reasonable probability that the result of the trial would have been different if his trial counsel had ordered additional DNA testing.

Accordingly, the postconviction court did not abuse its discretion by rejecting Hamilton's claim of ineffective assistance of trial counsel.

## II.

Hamilton also argues that his appellate counsel provided ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel on direct appeal.

"The basic standard for judging a claim of ineffective assistance of appellate counsel is the same as that applied to trial counsel's performance." *Jama v. State*, 756

6

N.W.2d 107, 113 n.2 (Minn. App. 2008). An ineffective assistance of appellate counsel claim "is not barred by *Knaffla* because [appellant] could not have known of ineffective assistance of his appellate counsel at the time of his direct appeal." *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007). "[T]o prevail on [an] ineffective assistance of appellate counsel claim" premised on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, an appellant "must first show that his trial counsel was ineffective." *Id.*

Because Hamilton's ineffective assistance of trial counsel claim is without merit, his appellate counsel did not provide ineffective assistance by failing to raise this claim on direct appeal. *See id.*; *see also Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985) ("When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues."). The postconviction court did not abuse its discretion by denying Hamilton's postconviction petition on this ground.

**III.**

Finally, Hamilton argues that the postconviction court should have granted his postconviction request for DNA testing of the victim's rectal and vaginal swabs in the interest of justice.

> A person convicted of a crime may make a motion for the performance of . . . forensic DNA testing to demonstrate the person's actual innocence if . . . the evidence was not subject to the testing because either the technology for the testing was not available at the time of the trial or the testing was not available as evidence at the time of the trial.

7

Minn. Stat. § 590.01, subd. 1a(a)(2) (2014).

Hamilton's claim cannot be sustained because the technology for the DNA testing that he now seeks, and the use of such testing as evidence, was available at the time of trial, as demonstrated by the fact that DNA testing of the victim's perineal swab was performed and the results were used as evidence in Hamilton's trial. *See Riley*, 819 N.W.2d at 172 (holding that appellant's motion for DNA testing of evidence "fails to satisfy the requirements of subdivision 1a(a)(2) because [appellant] has not established any change in . . . forensic testing in the time since his trial that would materially change the types of testing available or testing available as evidence"). Hamilton has not shown that he is entitled to relief on this ground, and the postconviction court did not abuse its discretion by rejecting this claim.

**Affirmed.**