STATE OF MINNESOTA

IN SUPREME COURT

A15-1597

Blue Earth County                                                                    Gildea, C.J.
                                                                     Took no part, Chutich, J.
Joel Marvin Munt,

                    Appellant,

vs.                                                                         Filed:  June 15, 2016
                                                                  Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Joel Marvin Munt, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Susan B. DeVos, Assistant Blue Earth County Attorney, Mankato, Minnesota, for respondent.

_____


S Y L L A B U S

1.     Because appellant failed to raise jury-instruction claims that he knew or should have known about at the time of direct appeal, and no exceptions to the *Knaffla* bar apply, the postconviction court did not abuse its discretion in summarily denying relief on those claims.

2.      Because the holding in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012) is expressly limited to juveniles, and appellant was an adult when he was charged, convicted, and sentenced, the postconviction court did not abuse its discretion in summarily rejecting appellant's claim that his sentence was unconstitutional under *Miller*.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

GILDEA, Chief Justice.

Appellant Joel Marvin Munt appeals from the summary denial of his petition for postconviction relief, filed under Minn. Stat. § 590.01, subd. 1 (2014). The postconviction court concluded that Munt's petition was untimely and, in any case, meritless. Because the record conclusively establishes that Munt's postconviction claims are either procedurally barred or meritless, we affirm.

Following a bifurcated jury trial, the district court convicted Munt of multiple counts, including first-degree murder, arising out of the shooting death of his former wife and the kidnapping of their three children.[1] On direct appeal, Munt argued, in addition to asserting various pro se claims, that the district court erred by: (1) declining to remove a prospective juror for cause; (2) making improper comments to the jury; (3) denying his

---

[1]      The facts relevant to Munt's conviction were fully discussed on direct appeal. *State v. Munt*, 831 N.W.2d 569, 574-76 (Minn. 2013). We recount only those facts pertinent to this appeal.

request to testify on surrebuttal; (4) determining that his 9-year-old daughter was incompetent to testify; and (5) failing to inquire into the nature of his pretrial complaints about his appointed counsel. *State v. Munt*, 831 N.W.2d 569, 574 (Minn. 2013). We affirmed Munt's convictions. *Id.*

On August 3, 2015, Munt filed the present pro se petition for postconviction relief. In his petition, Munt argued that the district court erroneously instructed the jury on Minnesota's circumstantial evidence standard and that, under the proper instruction, the evidence was insufficient to convict (the "jury-instruction claims"); and that his sentence of life imprisonment without the possibility of release is unconstitutional under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). Assuming that his filing was untimely, Munt argued that his petition met the interests-of-justice exception to the statute of limitations in the postconviction statute. *See* Minn. Stat. § 590.01, subd. 4(b)(5). Specifically, Munt argued that the State created "impediments" to his timely filing, including restricting his access to the law library and other materials he needed to complete his filing. Moreover, Munt asserted that substantive review of his jury-instruction claims was appropriate because his failure to raise those claims on direct appeal is excusable due to his appellate counsel's alleged ignorance of the correct standard.

The postconviction court summarily denied Munt's petition as untimely. Specifically, the court concluded that Munt's petition was filed beyond the 2-year limitations period in Minn. Stat. § 590.01, subd. 4(a)(2), and that the petition did "not allege any facts which meet any of the specific exceptions" to the time limit, *see* Minn.

Stat. § 590.01, subd. 4(b)(1)-(5) (listing exceptions).[2]  The court also reasoned that there was "no basis in law to apply" the holding in *Miller* to Munt's case.  This appeal follows.

We review the denial of postconviction relief for an abuse of discretion.  *Francis v. State*, 829 N.W.2d 415, 419 (Minn. 2013).  The postconviction statute provides that an evidentiary hearing need not be granted if the files and records of the postconviction proceeding conclusively establish that the petitioner is not entitled to relief.  Minn. Stat. § 590.04, subd. 1 (2014).  We have recognized that a postconviction court may summarily deny a claim that is untimely under the postconviction statute or procedurally barred under our decision in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).  *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015).

Munt raises two arguments on appeal:  (1) that the district court erred when it instructed the jury that the "law makes no distinction between the weight given to either direct or circumstantial evidence" and that, under the correct evidentiary standard, there was insufficient evidence to convict; and (2) that his sentence of life imprisonment

---

[2]    Contrary to the postconviction court's conclusion and Munt's assumption, our review of the record confirms that Munt's petition was timely.  Minnesota Statutes section 590.01, subdivision 4(a)(2) provides that "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal."  Under this provision, Munt's conviction did not become "final" until 90 days after the disposition of his direct appeal.  *Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013).  In other words, Munt had 2 years *and 90 days* from our decision on direct appeal to file for postconviction relief.  *See id.*  We affirmed Munt's conviction on May 31, 2015.  Munt consequently had until August 29, 2015 to file his petition for postconviction relief.  Munt filed this petition on August 3, 2015.  Munt's petition is, therefore, timely.  Accordingly, we proceed to consider whether Munt's petition was procedurally barred and, if not, whether Munt's claims are meritorious.

without the possibility of release is unconstitutional under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012).

I.

We turn first to Munt's claim that the district court erroneously instructed the jury regarding the circumstantial evidence standard and that, under the correct standard, there was insufficient evidence to convict. These jury-instruction claims are procedurally barred.

It is well-established that "[o]nce a direct appeal has been taken, all claims that were raised in the direct appeal and all claims that were known or should have been known but were not raised will not be considered upon a subsequent petition for postconviction relief." *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006) (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)); *see also* Minn. Stat. § 590.04, subd. 3 (2014) (codifying the *Knaffla* rule). Because Munt's jury-instruction claims are based on trial errors, these claims were known or should have been known to him at the time of direct appeal. *See McKenzie v. State*, 754 N.W.2d 366, 370 (Minn. 2008) (noting that because appellant was present when the judge instructed the jury, he was aware of the facts and should have brought his claim on direct appeal). These claims therefore are procedurally barred.

We have recognized two exceptions to the *Knaffla* bar: (1) "a claim may be considered despite the *Knaffla* bar if it is so novel that the legal basis for it was unavailable on direct appeal," *McKenzie*, 754 N.W.2d at 369; or (2) "as fairness requires when the claim has *substantive merit* and the petitioner did not deliberately and

inexcusably fail to raise the issue in the direct appeal" (i.e., the "interests-of-justice exception"), *Colbert*, 870 N.W.2d at 626 (emphasis added).[3] Munt makes no argument that his jury-instruction claims are novel and he has not otherwise demonstrated that his failure to bring these claims on direct appeal was excusable. Accordingly, Munt has not satisfied either exception.

Because Munt's jury-instruction claims are procedurally barred, and Munt has failed to satisfy either *Knaffla* exception, we hold that the postconviction court did not abuse its discretion in summarily denying relief on these claims.[4]

II.

We turn next to Munt's claim that his sentence of life imprisonment without the possibility of release is unconstitutional under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). Specifically, Munt asserts that failing to extend *Miller*'s holding

---

[3]     We have yet to decide whether the two exceptions to the *Knaffla* bar remain viable after the Legislature's codification of the *Knaffla* rule. *See, e.g.*, *Colbert*, 870 N.W.2d at 626 n.9. It is likewise, not necessary to resolve that question in this case because Munt's claims do not meet either exception.

[4]     To the extent that Munt argues that he received ineffective assistance of appellate counsel because appellate counsel did not raise the jury-instruction claims on direct appeal, that argument is groundless. On numerous occasions, we have expressly considered and rejected the contention that district courts must instruct the jury as Munt contends was required. *E.g.*, *State v. Caldwell*, 803 N.W.2d 373, 391 (Minn. 2011); *State v. Turnipseed*, 297 N.W.2d 308, 312-13 (Minn. 1980). Counsel is not ineffective for failing to raise meritless claims. *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006) (explaining that "appellate counsel's failure to raise meritless claims does not constitute deficient performance"); *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985) ("When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues.").

to adults denies him equal protection. Assuming without deciding that this claim is not procedurally barred, the files and records of the postconviction proceeding conclusively establish that this claim is without merit.

The Supreme Court's holding in *Miller* is plainly limited to juvenile offenders and does not apply to Munt, who was 35 years old at the time he committed the murder and kidnappings. *See Miller*, ___ U.S. at ___, 132 S. Ct. at 2469 (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole *for juvenile offenders*" (emphasis added)). Indeed, the crux of *Miller*'s holding is that children and adults are "constitutionally different . . . for purposes of sentencing."[5] *Id.* at ___, 132 S. Ct. at 2464. Because Munt is not "similarly situated" to the juvenile offenders at issue in *Miller*, his claim that equal protection principles require application of the *Miller* rule to his sentencing is meritless. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining that the Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike"); *State v. Cox*, 798 N.W.2d 517, 521 (Minn. 2011) (noting that "equal protection does not require that the State treat persons who are differently situated as though they were the same") (quoting *Paquin v. Mack*, 788 N.W.2d 899, 906 (Minn. 2010))). For these reasons, we hold that *Miller* plainly has no application to Munt and,

---

[5]    *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 736 (2016), in which the Supreme Court recently held that "*Miller* announced a substantive rule of constitutional law" that is retroactive, does not change the analysis. In *Montgomery*, the Court reiterated that the " 'foundation stone' for *Miller*'s analysis was [the] line of precedent holding certain punishments disproportionate *when applied to juveniles*." *Id.* at ___, 136 S. Ct. at 732 (emphasis added).

therefore, the district court did not abuse its discretion in summarily denying Munt relief on this claim.[6]

Affirmed.

CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[6] On March 8, 2016, Munt moved this court to stay further proceedings pending the resolution of a Rule 27 motion before the postconviction court. Munt's motion is denied.